**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GERALD ROSS PIZZUTO, JR.,
              *Petitioner-Appellant,*

              v.

ARVON J. ARAVE, Warden,
              *Respondent-Appellee.*

No. 97-99017

D.C. No.
CV-92-00241-
S-AAM
District of Idaho,
Boise

ORDER

Filed December 28, 2005

Before: Betty B. Fletcher, Pamela Ann Rymer, and
Ronald M. Gould, Circuit Judges.

Order; Concurrence by Judge B. Fletcher

---

## ORDER

Petitioner's motion to stay the mandate pending state court
proceedings is DENIED.

---

B. FLETCHER, Circuit Judge, specially concurring:

I concur that petitioner's motion to stay the mandate may
be denied. I write separately to emphasize that this result is
not mandated by *Bell v. Thompson*, 125 S.Ct. 2825 (2005), as
respondent claims. In *Bell*, the Supreme Court scolded the
Sixth Circuit for delay in issuing the mandate after denial of
certiorari, but *Bell* is factually distinguishable from our case.
In *Bell*, the Sixth Circuit issued an amended opinion some

16745

seven months after the Supreme Court had denied certiorari. *Id.* at 2830. The amended decision was a surprise to the state, which had requested and been granted an execution date on the assumption that federal habeas proceedings had terminated with the denial of certiorari. *Id.* Instead of delineating the scope of the Sixth Circuit's discretion to continue to hold the mandate after the denial of certiorari, the Court held that holding the mandate was an abuse of discretion, because the Court of Appeals had failed to provide the parties with notice that it was reconsidering its decision. The decision leaves open the question of whether Rule 41 of the Federal Rules of Appellate Procedure limits the discretion of the Court of Appeals to hold a mandate after denial of certiorari more stringently than does an abuse-of-discretion standard. Nonetheless, I concur that, although in my view preferable, the present circumstances do not require a stay of the mandate while petitioner litigates his *Atkins* claim in state court.

The current proceedings in state court concern petitioner's claim that his mental retardation precludes the imposition of a death sentence or execution under *Atkins v. Virginia*, 536 U.S. 304 (2002). *Atkins* held that the execution of the mentally retarded is "excessive" under the Eighth Amendment, and that "the Constitution 'places a substantive restriction on the State's power to take the life' of a mentally retarded offender." *Id.* at 321 (quoting *Ford v. Wainwright*, 477 U.S. 399, 405 (1986)). The record reflects that Pizzuto's IQ is 72. *Atkins* notes that an "IQ between 70 and 75 or lower . . . is typically considered the cutoff IQ score for the intellectual function prong of the mental retardation definition." *Id.* at 309 n.5. *Atkins* is retroactive on collateral review. *See Penry v. Lynaugh*, 492 U.S. 302, 330 (1989) (a holding that "the Eighth Amendment prohibits the execution of mentally retarded persons such as Penry . . . would fall under the first exception to the general rule of nonretroactivity and would be applicable to defendants on collateral review"). Assertion of this defense was unavailable to Pizzuto until 2002. Our denial of stay does not interfere with the ongoing state proceedings,

nor will it preclude application to this court by Pizzuto for permission to file a second or successive 28 U.S.C. § 2254 petition for review of an adverse ruling by the state court on this issue.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2005 Thomson/West.